UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ROHAN INGRAM,

                        Petitioner,

    -against-                                  1:05-CV-0677
                                                                    (LEK)

UNITED STATES OF AMERICA,

                        Respondent.

_____

## ORDER

**I.    Background.**

       Currently before the Court is a Petition for Habeas Corpus brought by Rohan Ingram ("Petitioner" or "Ingram") pursuant to 28 U.S.C. § 2255. Section 2255 motion (Dkt. No. 1).

       On October 5, 2001, a jury found Petitioner guilty of conspiracy to unlawfully export defense articles designated on the United States munitions list in violation of 22 U.S.C. § 2778 and 18 U.S.C. § 371; conspiracy to acquire and transport firearms in interstate commerce in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(n), and 371; and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). <u>See</u> Case No. 01-CR-090, Verdict and Judgment (Dkt. Nos. 68 & 81). Petitioner appealed the judgment, and on August 27, 2003, the Court of Appeals for the Second Circuit reversed the finding on the charge of possession of a firearm by a convicted felon. <u>See</u> Case No. 01-CR-090, Mandate (Dkt. No. 98) (holding that because Petitioner's prior conviction was outside of the United States, the phrase "convicted in any court" contained in 18 U.S.C. § 922(g)(1) did not apply to him). The case was remanded to this Court for re-sentencing. <u>Id.</u>

       On May 19, 2005, Petitioner filed the instant Section 2255 motion claiming violations of

the Sixth Amendment to the United States Constitution, based on ineffective assistance of counsel and improper calculation of Petitioner's sentence in light of Booker v. United States and its progeny. Section 2255 motion (Dkt. No. 1). Subsequently, this Court re-sentenced Petitioner on October 7, 2005, and Petitioner filed a notice of appeal. See Case No. 01-CR-090, Re-Sentencing and Notice of Appeal (Dkt. Nos. 112 & 113). That appeal is currently pending before the Court of Appeals for the Second Circuit.

**II.     Discussion.**

Petitioner raises several grounds upon which he alleges that he is being held in violation of the Sixth Amendment to the United States Constitution. Section 2255 Motion (Dkt. No. 1). It is well settled, however, that absent extraordinary circumstances a district court will not reach the merits of a Section 2255 claim while a direct appeal is pending. Phillips v. United States, No. 93-CV-0147, 1993 WL 147454 (N.D.N.Y. May 3, 1993) (McAvoy, C.J.); Ping v. United States, No. 01-CV-9230, 2001 WL 1588924 (S.D.N.Y. Dec. 12, 2001); Lopez v. United States, No. 97-CV-5680, 1997 WL 634176 (S.D.N.Y. Oct. 15, 1997). The Court notes that claims for ineffective assistance of counsel may be more properly brought collaterally rather than on direct appeal. United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993). However, this does not mean that "the preferred method . . . is to file a § 2255 motion *during the pendency of a direct appeal*." Id. (emphasis in original).

The Court further acknowledges that Petitioner filed his Section 2255 motion after the appeals on his original sentence had been exhausted. However, because the Second Circuit remanded Petitioner's case for re-sentencing, and because Petitioner's appeal of that re-sentence is currently pending before the Second Circuit, this Court will not entertain a Section 2255 motion at this time. The rationale for this decision is grounded in the notion that "the disposition of the appeal may render the [Section 2255] motion moot." Id.

2

Based upon the foregoing, Ingram's Petition must be dismissed without prejudice.

### III.    Conclusion.

**WHEREFORE**, it is hereby

**ORDERED**, that the Petition in this action (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties by certified mail.

**IT IS SO ORDERED**.

Dated:      March 27, 2006
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge